**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**BRYAN MEDIA, INC.,**

        **Plaintiff,**

vs.                                                  Case No.  8:05-cv-291-MSS

**CITY OF ST. PETERSBURG ET, AL.,**

        **Defendants.**
_____/

## ORDER

**THIS CAUSE** comes on for consideration upon the filing of Defendant, City of St. Petersburg's Motion to Dismiss or, in the Alternative, Motion for Summary Judgment (Dkt. 4) and Defendants, Ron Guynn and Gary Bush's Motion to Dismiss or, in the Alternative, Motion for Summary Judgment (Dkt. 5).

**Background:**

As this matter proceeds on two Motions to Dismiss, the following alleged facts are accepted as true for purposes of resolving the Motions.  Plaintiff is an outdoor advertising company that owns billboards throughout Pinellas County, which it leases to third parties. (Dkt. 2 at ¶3).  Plaintiff does not own the land on which the billboards sit but leases the land from the respective land owners.  (Dkt. 2 at ¶3). In 1982, Junior Posters, Inc. entered into an agreement with Peterson Enterprises of Orlando, Inc. ("Peterson Enterprises"), agent for Seaboard Coast Line Railroad Company, landowner, to lease three different pieces of property for the purpose of erecting and maintaining outdoor advertising locations.  (Dkt. 2 at ¶8).  On March 8, 1988, Junior Posters, Inc. entered into a supplemental agreement

with Peterson Enterprises, agent for CSX Transportation, Inc. ("CSX"), new land owner, increasing the annual rent for the leased land. (Dkt. 2 at ¶10). On May 5, 1988, Tampa Bay Junior Posters, Inc., a corporation owned and operated by the same principals of Junior Posters, Inc., entered into a lease of the same three locations with Outdoor Systems, Inc., the new agent for CSX. (Dkt. 2 at ¶11). On February 27, 2003, Plaintiff purchased the "bulletin structures, lease agreements, permits, contracts and all files related to the sellers' outdoor advertising business in Florida" from Tampa Bay Jr. Posters, Inc. and Junior Posters, Inc. (Dkt. 2 at ¶12).

In January 2004, Defendant, the City of St. Petersburg (the "City"), caused Plaintiff's billboards to be torn down to make room for a City construction project. (Dkt. 2 at ¶14-15). Plaintiff re-erected the demolished billboards on June 20, 2004, and sent the City a bill demanding reimbursement for the cost of the required repair. (Dkt. 2 at ¶16). On August 3, 2004, the City responded and sent Plaintiff a claims form regarding the damage. (Dkt. 2 at ¶17). On August 4, 2004, the City sent Plaintiff a violation notice citing the billboards as not having the proper permits. (Dkt. 2 at ¶18). Gary Bush ("Bush"), the Department Supervisor, had inspected said premises and Ron Guynn ("Guynn"), the Codes Investigator, issued the violation notice. (Dkt. 2 at ¶18). The City contemporaneously sent identical violation notices in connection with five other of Plaintiff's billboards located on properties in the City in proximity to the City project. (Dkt. 2 at ¶19). On November 18, 2004, the Code Enforcement Board ruled that Plaintiff had until December 17, 2004, to correct the violation regarding the subject location of 498 22nd Street S. by submitting its permit or removing the billboards. (Dkt. 2 at ¶20-21).

This lawsuit ensued. Plaintiff contends that the City and the named employees,

Bush and Guynn, are liable to Plaintiff for selectively enforcing the City codes against Plaintiff and tortiously interfering with Plaintiff's business relationships. Plaintiff further contends that the City is equitably estopped from requiring Plaintiff to submit permits or remove its billboards and seeks injunctive relief.

**Applicable Standard of Law:**

The threshold for surviving a motion to dismiss for failure to state a claim under Rule 12(b)(6) is a low one. Quality Foods de Centro America, S.A. v. Latin American Agribusiness Development Corp., S.A., et al., 711 F.2d 989, 995 (11th Cir. 1983). Such a motion will not be granted unless it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Id. (citing Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). As noted, in evaluating the sufficiency of a complaint in light of a Motion to Dismiss, the pleaded facts must be accepted as true and construed in the light most favorable to the plaintiff. Id. at 994-95. However, the court should not assume that the plaintiff can prove facts that were not alleged. Id. Further, conclusory allegations are not accepted as true. Gersten v. Rundle, 833 F. Supp. 906, 910 (S.D. Fla. 1993)(citing Assoc. Builders, Inc. v. Alabama Power Co., 505 F.2d 97, 100 (5th Cir. 1974)).

Against this standard, Defendants seek to dismiss the Plaintiff's complaint in its entirety. Defendants contend that (1) Counts I-III (for selective enforcement of the City codes) should be dismissed because, with respect to Counts I and II, Plaintiff has failed to meet the heightened pleading requirements for a claim brought under 42 U.S.C. § 1983 and, with respect to Count III, Plaintiff has failed to allege that enforcement of the City codes was based on an unjustifiable or arbitrary classification under Florida law; (2) Count

IV (for tortious interference with Plaintiff's business relationships) should be dismissed because Florida courts have not recognized a cause of action for interference with a business relationship against a governmental agency based on that governmental agency's enforcement of its codes and Defendants are protected from suit under Florida Statute § 768.28; (3) Count V (for equitable estoppel) should be dismissed because there is no support under Florida law for Plaintiff's theory of estoppel; and (4) Count VI (request for injunctive relief) should be dismissed because all of the other counts should be dismissed.

**Analysis:**

    **1) Counts I-III, Selective Enforcement**

Plaintiff has brought a cause of action against the City for selective enforcement of its codes pursuant to 42 U.S.C. § 1983 (Count I), against Defendants Guynn and Bush for selective enforcement pursuant to 42 U.S.C. § 1983 (Count II), and against all three Defendants for selective enforcement pursuant to Article I, Section 2 of the Constitution of the State of Florida (Count III).

Defendants argue that Plaintiff has failed to state a cause of action under Counts I and II because Plaintiff has failed to allege with specificity facts showing that Defendants deprived Plaintiff of a "clearly established federal right" under the applicable heightened pleading requirement for a cause of action brought under § 1983. In support, Defendants note that the complaint and the applicable attachments establish the following: (1) that Plaintiff's billboards are illegal because the City has not issued permits for them; (2) that Plaintiff did not purchase permits for the billboards as the attached Asset Purchase Agreement is missing Schedule 2.1(c); and (3) that Plaintiff did not have a valid lease from

CSX or, if it did, Plaintiff breached that lease by failing to comply with the City codes. Defendants further argue that Plaintiff has failed to allege invidiousness or bad faith "except in the most abstract of terms" with respect to Counts I and II and has failed to allege that enforcement of the codes was based on an unjustifiable or arbitrary classification with respect to Count III. (Dkt. 5 at p.5). Defendants argue further that damages cannot be recovered from the cessation by the government of unlawful acts or uses of land. Finally, Defendants Guynn and Bush argue that they are protected by qualified immunity from liability under Count II and, citing Florida Statute § 768.28(9), by statutory immunity from liability under Count III.

Plaintiff responds that the heightened pleading requirement does not apply with respect to its claims against the City and that Plaintiff has met its heightened burden with respect to its claims against Defendants Guynn and Bush. Plaintiff further responds that it has adequately pled bad faith and enforcement of the codes based on an unjustifiable or arbitrary classification. With respect to Defendants' remaining arguments, Plaintiff argues that they are factual disagreements which are not ripe for determination.

A) Counts I and II brought under 42 U.S.C. § 1983

Generally, pleading is governed by Rule 8(a) of the Federal Rules of Civil Procedure, which requires only notice pleading or a "short and plain statement of the claim that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Malone v. Chambers County Bd. of Com'rs, 875 F. Supp. 773, 790 (M.D. Ala. 1994)(quoting Conley, 355 U.S. at 47). While the Eleventh Circuit implemented a heightened pleading requirement for claims brought under §1983 in Oladeinde v. City of Birmingham, 963 F.2d 1481, 1485 (11th Cir. 1992), the Supreme Court in Leatherman v. Tarrant County Narcotics

Intelligence and Coordination Unit, et al., 507 U.S. 163, 167-68, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993), held that no such heightened pleading requirement applies in civil rights cases against municipalities because municipalities are not immune from suit. In response, the Eleventh Circuit in Swann v. Southern Health Partners, Inc., 388 F.3d 834, 837 (11th Cir. 2004), held that the heightened pleading standard applicable to claims brought under § 1983 does not apply in a § 1983 action brought against any entity that cannot raise qualified immunity as a defense. Accordingly, the notice pleading provided for under Rule 8(a) is all that is required in a § 1983 lawsuits against a municipality. Id.; Arrington v. Dickerson, 915 F. Supp. 1503, 1512 (M.D. Ala. 1995).

The Supreme Court did not, however, decide whether the heightened pleading requirement would apply in cases involving individual defendants asserting qualified immunity. Id. at 1513 (citing Leatherman, 507 U.S. at 167). Hence, courts in the Eleventh Circuit still enforce the heightened pleading standard when suits involve government officials in their individual capacities who can assert a qualified immunity defense. See id. at 1514 (finding that the plaintiff failed to meet the heightened pleading burden with respect to his allegations against government officials in their individual capacities); Malone, 875 F. Supp. at 791 (finding that the plaintiff failed to meet the heightened pleading requirement with respect to her claims against individual government official defendants). This is necessary to provide the accused officers with facts of "sufficient precision to put defendants on notice of the nature of the claim and enable them to prepare a response and, where appropriate, a summary judgment motion on qualified immunity grounds." Id. at 790-91.

As such, while with respect to Count I against the City, Plaintiff was only required

under Rule 8 to provide notice generally, with respect to Count II against Defendants Guynn and Bush in their individual capacities, Plaintiff was required to plead under the heightened pleading standard.

A motion to dismiss a claim brought pursuant to 42 U.S.C. § 1983 will only be granted if the facts as alleged by Plaintiff and accepted as true do not show that Plaintiff was deprived of a right, privilege or immunity secured by the Constitution or laws of the United States or that Defendants acted under color of state law. Gersten, 833 F. Supp. at 910. To state a claim for selective enforcement as violative of the right to equal protection under § 1983, a plaintiff must "make a prima facie showing that he has been singled out for prosecution although others similarly situated, who have committed the same acts, have not been prosecuted." Rindley v. Gallagher, et al., 890 F. Supp. 1540, 1551 (S.D. Fla. 1995) (citing Owen v. Wainwright, 806 F.2d 1519, 1523 (11th Cir. 1986)). Further, a plaintiff must demonstrate that the government's selective prosecution has been "constitutionally invidious." Id. The invidiousness requirement is satisfied if it can be established that "the government's selective prosecution is motivated by constitutionally impermissible motives such as racial or religious discrimination or interference with the legitimate exercise of constitutional rights." Fillingim v. Boone, 835 F.2d 1389, 1399 (11th Cir. 1988). In an action against a government official, the plaintiff must set forth "nonconclusory allegations setting forth specific evidence of unlawful intent." Arrington, 915 F. Supp. at 1514.

Here, Plaintiff has alleged that Defendants enforced the St. Petersburg City Codes §§ 16-668 and 16-671 against Plaintiff "to the exclusion of others similarly situated." (Dkt. 2 at ¶ 24, 30, and 35). However, Plaintiff's factual allegations make absolutely no mention of any other similarly situated billboard owners and no mention of Defendants' actions with

respect to such billboard owners. In addressing the qualified immunity issue raised by Defendants, Plaintiff argues that it has alleged that Bush and Guynn cited all of Plaintiff's billboards in and around the re-erected billboards, "all to the exclusion of other billboards similarly situated throughout the city." (Dkt. 8 at p.11). This is simply not the case. While Plaintiff has made conclusory statements in Counts I-III that Defendants enforced the Code against Plaintiff "to the exclusion of others similarly situated," as noted above, Plaintiff's factual allegations do not address any other billboard owners. The Court finds that such conclusory allegations regarding the lack of enforcement against others similarly situated are not sufficient even under the notice pleading requirement of Rule 8. See Marine Coatings of Alabama, Inc. v. U.S., 792 F.2d 1565, 1568 (11th Cir. 1986)(stating that "conclusory allegations in the complaint need not be taken as true and the plaintiff must allege sufficient facts to support his allegations"); see also Arrington, 915 F. Supp. at 1509-1510 (dismissing the plaintiff's selective enforcement claim when the plaintiff "failed to allege the existence of even one similarly situated person."); Gersten, 833 F. Supp. at 914 (finding that the plaintiff failed to allege facts sufficient to support a claim of selective enforcement where he failed to allege that other persons involved in investigations "were truly similar to the one in which he was involved.")

Further, with respect to allegations of invidiousness or bad faith, Plaintiff alleges that the City removed its billboards to make way for a City project and that Defendants acted with "willful blindness to and in reckless disregard of Bryan Media's property rights and contractual relationships with third parties." (Dkt. 2 at ¶ 14). With respect to enforcement of the City codes, Plaintiff alleges that the City cited Plaintiff for billboard violations on the day after the City sent Plaintiff a letter enclosing a claims form for any losses incurred in the

removal of Plaintiff's billboards. Plaintiff alleges that Bush inspected the premises and Guynn issued the Violation notice. Plaintiff makes no factual allegations as to Defendants' bad faith in the enforcement of the City codes other than the conclusory allegations that Defendants' actions in enforcing the code were "invidious or in bad faith." Accordingly, the Court finds that these allegations are not sufficient under either the notice pleading requirement required to state a claim against the City or the heightened pleading standard required as against Bush and Guynn in their individual capacities. See Contractors Against Unfair Taxation Instituted on New Yorkers v. City of New York, et al., 1994 WL 455553, *6 (S.D. N.Y. 1994)(dismissing the plaintiffs' claim of selective enforcement when the plaintiffs failed to cite any facts supporting their allegation that non-commercial vehicles were treated differently from commercial vehicles and failed to allege that such treatment was based on impermissible considerations, such as race or religion, or bad faith intent to injure).

Further, Plaintiff's failure to allege sufficient facts makes it impossible for the Court properly to analyze Defendants' Guynn and Bush's assertions of qualified immunity with respect to Count II. Plaintiff argues that Plaintiff's allegations, if true, "show that the individual Defendants would have violated a clearly established constitutional right, namely, the equal protection right not to be singled out for Code enforcement." (Dkt. 8 at p. 10). As noted above, however, Plaintiff's factual allegations make no mention of the treatment of other similarly situated billboard owners.

Accordingly, Count I against the City and Count II against Guynn and Bush are **DISMISSED WITHOUT PREJUDICE**. Defendants' remaining arguments, that the Court find as a matter of law that the Complaint shows that the billboards are illegal because the City has not issued permits, that Plaintiff has no valid lease for the billboards at issue, that

9

Plaintiff cannot recover damages for lost profits or goodwill, and that the City did not act with willful blindness go to Defendants' substantive arguments under the summary judgment standard. Because the claims are dismissed for failure to state a claim, the Court will not address Defendants' substantive arguments at this time.

B) Count III brought pursuant to Florida's Constitution

When bringing a cause of action for selective enforcement as a denial of equal protection pursuant to the Florida Constitution, the selective enforcement must be deliberately based on an unjustifiable or arbitrary classification. <u>Bell v. State of Florida, et al.</u>, 369 So. 2d 932, 934 (Fla. 1979); <u>Meristem Valley Nursery, Inc. v. Metropolitan Dade County</u>, 428 So. 2d 726, 728 (Fla. 3d DCA 1983). Plaintiff argues that it has met this pleading requirement because "Plaintiff has alleged <u>facts</u> that Bryan Media's billboards were cited to the exclusion of others." (Dkt. 8 at p. 7, emphasis added). As noted above, however, Plaintiff has not alleged facts that support its conclusory allegation that the Code was enforced "against Bryan Media to the exclusion of others similarly situated." (Dkt. 2 at ¶ 35). Accordingly, Plaintiff has not sufficiently pled an unjustifiable or arbitrary classification and, therefore, **Count III** is **DISMISSED WITHOUT PREJUDICE**.

Defendants Guynn and Bush also argue that they are protected by statutory immunity from liability under Count III by virtue of Fla. Stat. § 768.28(9)(a), which provides:

> [n]o officer, employee, or agent of the state or of any of its subdivisions shall be held personally liable in tort or named as a party defendant in any action for any injury or damage suffered as a result of any act, event, or omission of action in the scope of her or his employment or function, unless such officer, employee, or agent acted in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety or property.

The statute goes on to provide that:

10

> [t]he state or its subdivisions shall not be liable in tort for the acts or omissions of an officer, employee, or agent committed while acting outside the course and scope of her or his employment or committed in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property.

The Florida Supreme Court has held that this statute was intended to waive statutory immunity for traditional torts but not for constitutional torts. Hill v. Dept. of Corrections, 513 So. 2d 129, 133 (Fla. 1987). While the United States Supreme Court overruled Hill's prohibition against bringing actions pursuant to 42 U.S.C. § 1983 in state courts, the Supreme Court did not disturb Hill's statement regarding the scope of Fla. Stat. § 768.28. Garcia v. Reyes, 697 So. 2d 549, 550 (Fla. 4th 1997)(referring to Howlett v. Rose, 496 U.S. 356, 110 S.Ct. 2430, 110 L.Ed.2d 332 (1990)). As Plaintiff's Count III, a claim of selective enforcement brought pursuant to the Florida Constitution, is not brought pursuant to Fla. Stat. § 768.28, Defendants' attempt to dismiss this claim due to statutory immunity fails.

### 2) Count IV

In Count IV, Plaintiff alleges that Defendants intentionally and unjustifiably interfered with Plaintiff's relationship with Viacom Outdoor and "other businesses." All Defendants challenge this claim on the following grounds: 1) no Florida court has recognized a cause of action for interference with a business relationship against a governmental agency based on that governmental agency's enforcement of its codes, 2) any interference with Plaintiff's business contacts was only negligent or consequential, and 3) Plaintiff failed to abide by the terms of its agreement with the property owners, namely by failing to obtain proper permits. The City further argues that it is protected from Plaintiff's claim for tortious interference by the doctrine of sovereign immunity. The City argues that Fla. Stat. § 768.28 provides that the state is not liable for the acts or omissions of an officer acting in bad faith. Defendants

Guynn and Bush argue that because the Complaint fails to allege any bad faith with specificity, they are protected from suit in their individual capacities pursuant to Fla. Stat. §768.28(9)(a), which provides that no officer shall be held personally liable for actions performed within the scope of their employment unless the officer acted in bad faith or with malicious purpose. Plaintiff responds that courts have recognized a cause of action for tortious interference against a governmental agency and that Plaintiff should be given the opportunity to investigate the facts surrounding the City's "knowledge, motivation and strategy for contacting the land owners in this case." (Dkt. 8 at p.8).

The elements of a cause of action for tortious interference with a business relationship are: (1) the existence of a business relationship under which the Plaintiff has legal rights; (2) knowledge of the relationship by the defendant; (3) an intentional and unjustified interference with that relationship by the defendant; and (4) damage to the plaintiff as a result of the breach of the business relationship. <u>Toledo v. Hillsborough County Hospital Authority</u>, 841 So. 2d 482, 483 (Fla. 2d DCA 2003). According to Plaintiff's allegations, Plaintiff had a business relationship with Viacom Outdoor, the agent servicing the lease contracts. (Dkt. 2 at ¶ 13). Plaintiff alleges facts regarding Defendants' interference with this relationship. First, in January 2004, the City tore down Plaintiff's billboards and Defendants acted "with willful blindness to and in reckless disregard of Bryan Media's property rights and contractual relationships with third parties" to make way for a City project. (Dkt. 2 at ¶ 14). Plaintiff does not, however, allege that Bush or Guynn participated in any way in the removal of Plaintiff's billboards. Further, on August 19, 2004, Plaintiff received a letter from Viacom notifying Plaintiff that Viacom received copies of citations from the City regarding Plaintiff's billboards and that Viacom would give Plaintiff

thirty days notice of cancellation of the licensing agreement if Plaintiff did not provide Viacom with copies of proper permits for the billboards. (Dkt. 2 at 39). Plaintiff has properly stated a claim for tortious interference.

Defendants cite to no case law to support their proposition that a governmental agency cannot be liable for tortious interference with a business relationship which alleged interference arises out of the exercise of its police powers via enforcement of its codes and regulations, particularly when a Plaintiff claims that the code was selectively enforced and billboards were bulldozed in reckless disregard of Plaintiff's property rights and contractual relationships. Further, the City cites to no case law to support its one sentence argument that it is protected by the doctrine of sovereign immunity. Accordingly, this argument may be brought at a later date in a summary judgment motion but will not be addressed here. Certainly, courts have permitted tortious interference claims to proceed against municipalites in light of the statutory waiver of sovereign immunity regarding tort claims contained in Fla. Stat. § 768.28. See Khalaf v. City of Holly Hill, 652 So. 2d 1246 (Fla. 5th DCA); Collins & Co., Inc. v. City of Jacksonville, 38 F. Supp. 2d 1338, 1347 (M.D. Fla. 1998)(reasoning that the plaintiff would have a post-deprivation remedy against the city for tortious interference with a prospective business relationship where the plaintiff alleged that the city convinced the School Board not to purchase property for the construction of a new school); see also. Executive 100, Inc. v. Martin County, 922 F.2d 1536, 1542 (11th Cir. 1991)(allowing a claim that the county tortiously interfered with a business relationship with potential land purchasers when the county told the potential purchasers of the limited land use and impending denial of a request for re-zoning permit).

Plaintiff cites to Amerkan v. City of Hialeah, 534 So. 2d 796, 798 (Fla. 3d DCA 1988),

a case that appears at first blush to bolster Defendants' arguments. In <u>Amerkan</u>, an eminent domain proceeding, the Court found that no viable counter-claim for tortious interference existed against the city that instituted eminent domain proceedings to take the defendant's property where the city was legally required to provide the notice of impending condemnation to the defendant's tenant. <u>Id.</u> Thus, the court reasoned, any interference was legally justified. <u>Id.</u> This Court does not have sufficient evidence before it to make such a determination. However, Plaintiff should be aware that <u>Amerkan</u> suggests that a government action undertaken in compliance with an obligation to enforce a code or regulation may serve as a basis for a valid defense against a claim of tortious interference.

The City argues that it cannot be held liable under Florida Statute § 768.28(9)(a) pursuant to a theory of tortious interference because Plaintiff has, although in a conclusory fashion, alleged bad faith with respect to Guynn and Bush. On the other hand, Defendants Guynn and Bush argue that they are protected from suit in their individual capacities, presumably because the Plaintiff has not alleged that they acted in bad faith. A review of the Complaint, sparse as it is, reveals that Plaintiff has not alleged bad faith in its tortious interference claim, but has only included conclusory allegations of bad faith in its selective enforcement claims. Further, with respect to Plaintiff's claim that Defendants acted "with willful blindness to and in reckless disregard of" Plaintiff's rights when removing billboards, Plaintiff does not allege that Bush or Guynn were involved in any way in the removal of the billboards. Further, Plaintiff does not allege that Bush acted in bad faith in his inspection of the premises or that Guynn acted in bad faith in his citation of Plaintiff for Code violations. Accordingly, Plaintiff's claim for tortious interference in Count IV against Bush and Guynn is **DISMISSED WITHOUT PREJUDICE**. See <u>P.C.B. Partnership v. City of Largo</u>, 549 So.

2d 738, 741 (Fla. 2d DCA 1989)(dismissing the plaintiff's claim of tortious interference against city commissioners where the complaint made only conclusory allegations of malicious and willful conduct).

Defendants are correct in their assertion that a proper allegation of bad faith will preclude recovery in a cause of action for tortious interference against the City while the absence of an allegation of bad faith will preclude recovery in a cause of action against the Defendants Guynn and Bush individually.  See Johnson v. Sackett, 793 So. 2d 20, 23 (Fla. 2d DCA 2001)(stating that claims against a governmental entity and an employee "tend to be mutually exclusive in light of the law of sovereign immunity").  However, Federal Rule of Civil Procedure 8(e)(2) does permit the pleading of alternative, inconsistent claims.  See Walcott v. City of St. Petersburg, 2000 WL 782085, * 4 (M.D. Fla. 2000).

Defendants remaining arguments, that the Court find as a matter of law that any interference with Plaintiff's business contacts was only negligent or consequential and that Plaintiff failed to abide by the terms of its agreement with the property owners by failing to obtain proper permits, go to Defendants' substantive arguments under the summary judgment standard.  The Court will not address summary judgment arguments at this time.

**3) Count V:**

In Count V, Plaintiff asserts a claim of equitable estoppel against Defendants.  To state a claim for equitable estoppel, a plaintiff must allege: (1) good faith reliance on (2) some act or omission of the government and (3) a substantial change in position or the incurring of excessive obligations and expenses so it would be highly inequitable and unjust to destroy the right acquired.  Lyon v. Lake County, etc., et al., 765 So. 2d 785, 791 (Fla. 5th DCA 2000).  Plaintiff alleges that the billboards at issue have been in existence for 22

years and that the City officials had actual knowledge of the Code violations since 1982. (Dkt. 2 at ¶ 44-45).  Plaintiff alleges that it reasonably relied on the City's inaction with respect to the billboards' code violations when Plaintiff purchased the billboards and land leases in 2003. (Dkt. 2 at ¶ 47).  Specifically, Plaintiff alleges that it contacted the City before purchasing said billboards and inquired into any current or pending ordinances that it should be aware of but the City official responded that there were none.  (Dkt. 2 at ¶ 48).

Substantively, Defendants broadly state that there is no support under Florida law for Plaintiff's theory of equitable estoppel.  In Pasco County v. Tampa Development Corp., 364 So. 2d 850, 853 (Fla. 2d DCA 1978), the court reversed a final judgment in favor of the land developer where the developer argued that it relied on the absence of any zoning in expending significant funds on the development of land.  However, in Tri-State Systems, Inc. v. Department of Transportation, 500 So. 2d 212, 216 (Fla. 1st DCA 1986), the court reversed and remanded a Department of Transportation decision because the misrepresentations of fact by the DOT to an advertising sign owner regarding the legality of the sign permits could serve as a basis for finding that the DOT was estopped to assert the invalidity of the signs.  Here, Plaintiff has alleged not only that it relied upon the absence of prior enforcement of the Codes but that a City official represented that there were no current or pending ordinances that Plaintiff should be aware of prior to its purchase of lease rights to the billboards.  Accordingly, the Court cannot conclude that there are no set of facts which, if proven, would entitle Plaintiff to relief.  Plaintiff has adequately pled a cause of action for equitable estoppel.

Further, the case law cited by Defendants regarding the erroneous advice of an employee, City of Tarpon Springs v. Garrigan, 510 So. 2d 1198, 1199 (Fla. 2d DCA 1987),

16

deals with the affirmative liability of a city employee giving erroneous advice, not its effect on an estoppel argument. Accordingly, Defendants' Motions to Dismiss Count V are **DENIED**.

### 4) Count VI:

In Count VI, Plaintiff asserts a claim for injunctive relief to enjoin the City from selectively enforcing the City codes against Plaintiff. (Dkt. 2 at ¶ 53). Defendants argue that because the remaining counts of the Complaint should be dismissed, Count VI should also be dismissed. Because Plaintiff's claims for selective enforcement have been dismissed without prejudice, Plaintiff's request for injunctive relief to enjoin the City from selectively enforcing the codes is also **DISMISSED WITHOUT PREJUDICE**.

### Conclusion:

In summation, Defendants' Motions to Dismiss are **GRANTED WITHOUT PREJUDICE** as follows: **Count I** against the City is **DISMISSED WITHOUT PREJUDICE**, **Count II** against Defendants Guynn and Bush is **DISMISSED WITHOUT PREJUDICE**, **Count III** against all Defendants is **DISMISSED WITHOUT PREJUDICE, Count IV** against Defendants Bush and Guynn only is **DISMISSED WITHOUT PREJUDICE**, and **Count VI** against all Defendants is **DISMISSED WITHOUT PREJUDICE**. The Motions to Dismiss as

to Count IV against the City and Count V against all Defendants are **DENIED**. Plaintiff shall have twenty days from the date of this Order within which to file an amended complaint. The time for responding to the Counts that were not dismissed **shall not begin to run** until the date on which Plaintiff is required to file its amended complaint.

**DONE** and **ORDERED** this 27th day of September 2005.

_____
MARY S. SCRIVEN
United States Magistrate Judge